1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

11

ADEGBENGA ADESOKAN,

12

Plaintiff,

13

v.

14

15

U.S. BANK, N.A., et al.,

16

17

Defendants.

18

_____/

CASE NO. 1:11-cv-01236-LJO-SKO

**ORDER DISMISSING PLAINTIFF'S COMPLAINT**

(Docket No. 1)

19

## I.   INTRODUCTION

20       On July 27, 2011, Plaintiff filed a complaint against Defendants U.S. Bank, National

21 Association, People's Choice Home Loans, Inc., NDEX West, LLC, and America's Servicing

22 Company (collectively "Defendants") asserting the following: (1) a claim to set aside a trustee's sale;

23 (2) violation of the Perata Mortgage Relief Act; (3) violation of the Fair Debt Collection Practices

24 Act; (4) violation of the Real Estate Settlement Procedures Act; (5) breach of contract; (6) breach

25 of the covenant of good faith and fair dealing; (7) claims for negligent misrepresentation and fraud

26 (intentional misrepresentation/fraudulent concealment); (8) unjust enrichment; and (9) violation of

27 the California Business and Professions Code § 17200.

28

1  For the reasons set forth below, the Court DISMISSES Plaintiff's complaint and GRANTS

2  Plaintiff 30 days leave to amend.

3  ## II.   BACKGROUND

4  Since April 2000, Plaintiff alleges that he resided at real property located in Madera,

5  California. (Doc. 1, ¶ 12.) On October 1, 2004, Plaintiff obtained title to the property and executed

6  a Deed of Trust, which was recorded in favor of Defendant People's Choice Home Loan, Inc.

7  ("People's Choice"). (Doc. 8, ¶ 12. ) In approximately January or February 2008, Plaintiff became

8  delinquent in his payments to People's Choice due to a pay cut and was in default under the terms

9  of the Deed of Trust. (Doc. 8, ¶ 13.)

10  Although the allegations are unclear, in March 2008, Plaintiff apparently attempted to

11  reinstate his loan with People's Choice. (Doc. 1, ¶ 14.) However, Defendant America's Servicing

12  Company ("ASC") was allegedly servicing loans for People's Choice, and it was ASC that returned

13  Plaintiff's reinstatement check and offered Plaintiff a loan modification. (Doc. 1, ¶ 14.) Between

14  July and October 2008, ASC and Plaintiff engaged in numerous correspondence regarding the loan

15  modification. (Doc. 1, ¶¶ 15-16.) ASC sent Plaintiff a loan modification agreement in November

16  2008, but it was not compliant "with the spirit and intent of loan modification requirements

17  embodied in Cal. Civil Code [§] 2923 and Perata Mortgage Relief Act." (Doc. 1, ¶ 15-16.) Thus,

18  Plaintiff requested new loan modification documents that met with his approval, and "ASC allegedly

19  stated that [it] would respond to Plaintiff's request for a compliant modification within 60 days, all

20  to naught." (Doc. 1, ¶ 16.)

21  Before the 60 days passed, during which ASC was assertedly considering Plaintiff's request,

22  Defendant NDEX, acting as the agent for U.S. Bank, conducted a trustee's sale of Plaintiff's property

23  on February 11, 2009. (Doc. 1, ¶ 17.) For purposes of the trustee's sale, U.S. Bank "held itself out

24  as the mortgage owner . . . instead of Plaintiff's mortgage owner – People's Choice . . . [and]

25  appointed NDEX as the Successor Trustee . . . . " (Doc. 1, ¶ 18.) Plaintiff asserts that "U.S. Bank['s]

26  claim to title of Plaintiff['s property] was never determined by evidence nor did People's [C]hoice

27  notify Plaintiff of any assignment to U.S. Bank." (Doc. 1, ¶ 20.) Plaintiff contends that, under the

28  original Deed of Trust, the original lender is People's Choice; there has been no valid assignment and

1  the chain of title does not include U.S. Bank, N.A., ASC, NDEX, or any other entities.  (Doc. 1, ¶

2  20(b).)  Plaintiff argues that he has the right to demand that Defendants provide proof of the chain

3  of title from the original lender to Defendants.  (Doc. 1, ¶ 20(c).)

4  ### III.  DISCUSSION

5  **A.   Applicable Standards**

6  **1.   Screening Standard**

7  In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen

8  each case and shall dismiss the case at any time if the Court determines that the allegation of poverty

9  is untrue, or the action or appeal is frivolous or malicious, fails to state a claim upon which relief

10  may be granted, or seeks monetary relief against a defendant who is immune from such relief.

11  28 U.S.C. § 1915(e)(2).  If the Court determines that the complaint fails to state a claim, leave to

12  amend may be granted to the extent that the deficiencies of the complaint can be cured by

13  amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

14  **2.   Legal Standard**

15  In determining whether a complaint fails to state a claim, the Court applies the same pleading

16  standard used under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must

17  contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.

18  R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual

19  allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me

20  accusation."  *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v.

21  Twombly*, 550 U.S. 544, 555 (2007)).  "[A] complaint must contain sufficient factual matter,

22  accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*,

23  550 U.S. at 557).  "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's

24  liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Id.*

25  (quoting *Twombly*, 550 U.S. at 557).  Further, although a court must accept as true all factual

26  allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.

27  *Id.*  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

28  statements, do not suffice."  *Id.* (quoting *Twombly*, 550 U.S. at 555).

A court may also dismiss a complaint for failure to comply with Federal Rule 9(b). *See Vess*, *v. Ciba-Geigy Corp, USA*, 317 F.3d 1097, 1107 (9th Cir. 2003). Rule 9 provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Such circumstances include the "time, place, and specific content of the false representations as well as the identifies of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quoting *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)). "In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum 'identif[y] the role of [each] defendant[] in the alleged fraudulent scheme.'" *Id.* at 765 (quoting *Moore v. Kayport Package Express*, 885 F.2d 531, 541 (9th Cir. 1989)). Claims subject to Rule 9(b) pleading requirements must also satisfy the ordinary pleading requirements of Rule 8.

**B.   Plaintiff's Claims**

**1.      Claim to Set Aside Trustee's Sale**

Plaintiff's claim to set aside the trustee's sale centers on an allegation that he is not aware of any evidence that U.S. Bank was properly assigned the mortgage from People's Choice. (Doc. 1, ¶ 20 ("U.S. Bank['s] claim to title of Plaintiff was never determined by evidence nor did People's [C]hoice notify Plaintiff of any assignment to U.S. Bank.").)

"A party may not without payment of the debt, enjoin a sale by trustee under a power conferred by a deed of trust, or have his title quieted against the purchaser at such a sale . . . ." *Sipe v. McKenna*, 99 Cal. App. 2d 1001, 1006 (1948). A default borrower is "required to allege tender of the amount of [the lender's] secured indebtedness in order to maintain any cause of action for irregularity in the sale procedure." *Hamilton v. Bank of Blue Valley*, 746 F. Supp. 3d, 1060, 1069 (E.D. Cal. 2010); *Abdallah v. United Sav. Bank*, 43 Cal. App. 4th 1101, 1109 (1996), *cert. denied,* 519 U.S. 1081 (1997).

An action to set aside a foreclosure sale, unaccompanied by an offer to redeem, does not state a cause of action which a court of equity recognizes. *Karlsen v. Am. Sav. & Loan Ass'n*, 15 Cal. App. 3d 112, 117 (1971). Moreover, an offer of performance is of no effect if the person making

4

the offer is unable to perform. *Id.* at 118. In other words, if the offeror "is without the money necessary to make the offer good and knows it[,]" the tender is without legal force or effect. *Id.* "It would be futile to set aside a foreclosure sale on the technical ground that notice was improper, if the party making the challenge did not first make full tender and thereby establish his ability to purchase the property." *U.S. Cold Storage v. Great W. Sav. & Loan Ass'n*, 165 Cal. App. 3d 1214, 1224 (1985). "A cause of action 'implicitly integrated' with the irregular sale fails unless the trustor can allege and establish a valid tender." *Arnolds Mgmt. Corp. v. Eischen*, 158 Cal. App. 3d 575, 579 (1984); *see also Anaya v. Advisors Lending Grp.*, No. 09-cv-1191 LJO DLB, 2009 WL 2424037, at *10 (E.D. Cal. Aug. 3, 2009) ("Plaintiff offers nothing to indicate that she is able to tender her debt to warrant disruption of non-judicial foreclosure."); *Alicea v. GE Money Bank*, No. C 09-00091 SBA, 2009 WL 2136969, at * 3 (N.D. Cal. July 16, 2009) ("When a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a credible tender of the amount of the secured debt to maintain any cause of action for foreclosure.").

There is no allegation in the complaint that Plaintiff has tendered the amount due on the loan or that he has a meaningful ability to do so. The record's silence on Plaintiff's tender or his ability to tender the outstanding amount implies an inability to do so. Further, the allegations do not indicate facts that the sale under the deed of trust could be considered void such that an exception to the tender rule might apply. *See Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d 1022, 1034-35 (N.D. Cal. 2010) (dismissing wrongful foreclosure claim noting that plaintiff cited no authority that would render tender rule inapplicable where assignment of deed of trust was invalid). Without a meaningful tender from Plaintiff, the remedy sought cannot be granted. Thus, Plaintiff's claims to set aside the trustee's sale pursuant to various sections of the California Civil Code are dismissed. To state a cognizable claim, Plaintiff must allege facts showing that an exception to the tender rule applies.

**2.     Claim Pursuant to Perata Mortgage Relief Act, California Civil Code § 2923.5**

Plaintiff also sets forth allegations related to the Perata Mortgage Relief Act codified at Cal. Civ. Code § 2923.5 ("Perata"). Plaintiff asserts that "Defendant failed in its fiduciary duty by not complying at the minimum in good faith to the statutory guidance on modification. For arguendo,

even if Defendant was a bonafide holder of Plaintiff's mortgage, standing, which is currently yet to be validated by evidence, Defendants' modification of Plaintiff's mortgage payment higher to $2900 per month ($600 more than Plaintiff's original mortgage payment of $2293) is woefully inadequate for compliance." (Doc. 1, ¶ 36.)

Perata requires a lender to contact the borrower in good faith, in person or by telephone to assess the borrower's financial situation and explore options to avoid foreclosure, and Perata imposes a duty on the lender to attempt to negotiate with a borrower before recording a notice of sale. Cal. Civ. Code § 2923.5(a)(2), (c). These provisions apply to loans initiated between January 1, 2003, and December 31, 2007. Cal. Civ. Code § 2923.5(h)(3)(i).

Plaintiff's claim for relief under California Civil Code § 2923.5 fails for two reasons. First, the only remedy available under Section 2923.5 is a postponement of the sale before it happens. *Marbry v. Super. Ct.*, 185 Cal. App. 4th. 208, 221 (2010). Here, the trustee's sale has already taken place. Thus, there is no remedy available to Plaintiff under Section 2923.5. Second, even assuming there was a remedy beyond postponement of the trustee's sale, "[t]o state a claim under Perata, Plaintiff must allege that the lender both failed to explore options that could avoid foreclosure and failed to contact or attempt to contact Plaintiff." *Taylor v. GMAC Mortg., LLC*, No. 09-cv-1755 JAH (POR), 2010 WL 3894993, at *4 (S.D. Cal. Sept. 28, 2010) (citing *Ortiz v. Accredited Home Lenders, Inc.*, 639 F. Supp. 2d 1159,1166 (S.D. Cal. 2009)). Here, Plaintiff's allegations indicate that he was contacted about options to avoid foreclosure. For these reasons, Plaintiff's claim for relief under Section 2923.5 is dismissed.

**3.      Claim Pursuant to the Fair Debt Collection Practices Act**

The Fair Debt Collection Practices Act ("FDCPA") seeks to remedy abusive, deceptive, and unfair debt collection practices by debt collectors against consumers. *See* 15 U.S.C. § 1692(e). To plead an FDCPA claim, a plaintiff must allege facts that establish the following: (1) the plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a "debt collector" under the FDCPA; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA. *Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1363 (N.D. Ga. 2011) (citing *Buckley v.*

6

*Bayrock Mortg. Corp.,* No. 1:09-cv-1387-TWT, 2010 WL 476673, at *6 (N.D. Ga. Feb. 5, 2010) (Thrash, J. adopting Vineyard, M.J.)); *Beadle v. Haughey*, No. 04-272-SM, 2005 WL 300060, at *3 (D.N.H. Feb. 9, 2005); *Russey v. Rankin*, 911 F. Supp. 1449, 1453 (D.N.M. 1995)); *see also McCorriston v. L.W.T., Inc.*, 536 F. Supp. 2d 1268, 1278 (M.D. Fla. 2008).

Although the complaint is unclear, Plaintiff states that "[u]nder the Fair Debt Collection[] Practices Act (15 [U.S.C. § 1692g]) Plaintiff is hereby disputing the following facts stated in the debt servicing transfer notice IF ANY AS CLAIMED BY THESE DEFENDANTS, the date and amounts of which this Plaintiff, can not currently authenticate nor validate, with legal authentications." (Doc. 1, ¶ 20(b).)

"The legislative history of section 1692a(6) indicates conclusively that debt collector does not include . . . a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985). Additionally, several courts in the Ninth Circuit have concluded that the FDCPA does not apply to foreclosure activities. *See Park v. Wachovia Mortg., FSB*, No. 10-cv-1547 WQH (RBB), 2011 WL 4571874, at *5 (S.D. Cal. Sept. 30, 2011); *Walker v. Equity 1 Lenders Grp.*, No. 09-cv-00325 WQH (AJB), 2009 WL 1364430, at *7 (S.D. Cal. May 14, 2009) ("The activity of foreclosing on [a] property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA . . .") (internal quotation marks omitted).

To the extent that Plaintiff is asserting a claim pursuant to the FDCPA, it is insufficient. Here, each Defendant is identified as a mortgage lender or servicer, and the activities Plaintiff asserts violate the FDCPA arise out of the foreclosure of Plaintiff's property under a deed of trust. As set forth above, the FDCPA does not apply to foreclosure activities. Thus, to the extent that Plaintiff is attempting to state a claim under the FDCPA, it is not viable.

### 4.    Claim Pursuant to the Real Estate Settlement Procedures Act

Under Section 2605 of the Real Estate Settlement Procedures Act ("RESPA"), "[e]ach person who makes a federally related mortgage loan shall disclose to each person who applies for the loan, at the time of application for the loan, whether the servicing of the loan may be assigned, sold, or transferred to any other person at any time while the loan is outstanding." 12 U.S.C. § 2605(a).

Additionally, Section 2605(e)(1)(A) provides that a "loan servicer" is required to respond to a "qualified written request from the borrower . . . for information relating to the servicing of such loan . . . within 20 days . . . ."   Plaintiff alleges the following in connection with RESPA:

> 1a. This Plaintiff herein demand[s] that: these defendants are to provide proof of the debt owed and full accounting of how this amount was calculated, as well as all documentation[] as required in A QUALIFIED WRITTEN REQUEST, IN THIS CASE AND AS REQUIRED IN THIS LAW COURT PURSUANT TO RESPA LAWS IN CALIFORNIA AND THE FEDERAL TRUTH IN LENDING ACT, TILA.

(Doc. 1, ¶ 20(b).)

To the extent that Plaintiff is attempting to state a claim under RESPA, it is insufficient.  It is not clear whether Plaintiff intends his complaint to be a "qualified written request" under the statute – and, in any case, a judicial pleading is an inappropriate vehicle to make such a demand – or whether he is asserting that he was not notified of whether the servicing of the loan could be assigned, sold, or transferred.  In any event, there is no cognizable RESPA claim pled.

### 5.    Claim for Breach of Contract

In California, a cause of action for breach of contract has four elements: (1) allegations that a contract exists between the parties; (2) that plaintiff has performed all the contractual duties or was excused from nonperformance, (3) that defendant has breached the contractual duties, and (4) that plaintiff's damages were a result of the breach. *Reichert v. Gen. Ins. Co.*, 68 Cal. 2d 822, 830 (1968).

Although unclear, it appears that Plaintiff is attempting to state a cause of action for breach of contract against U.S. Bank and ASC.  The only contract Plaintiff asserts is the deed of trust, under which Plaintiff acknowledges he was in default.  Plaintiff does not assert what contract ASC or U.S. Bank breached.  Although Plaintiff asserts that he "entered into forbearance and modification agreement," Plaintiff contrarily alleges that ASC was in the process of completing a modification that Plaintiff would accept and ASC represented it would "get back to Plaintiff within 60 days." (Doc. 1, ¶ 34.)  These allegations are inconsistent and essentially implausible.  Specifically, it is not plausible that a modification agreement or forbearance of the trustee's sale was finalized such that a contract was created where Plaintiff alleges that he did not agree to what ASC offered with regard to a modification and was still waiting for ASC to make another modification offer when his

1  property was foreclosed upon.  In other words, Plaintiff asserts that a modification or forbearance
2  agreement was in place even though Plaintiff had rejected the modification ASC offered.  *See Iqbal*,
3  129 S. Ct. at 1949 (plaintiff must state claim that is plausible on its face; plausibility requires
4  plaintiff to plead facts that allow court to draw reasonable inference that defendant is liable for the
5  misconduct alleged).

6      Moreover, any oral modification or oral agreement to forbear from exercising the right of
7  foreclosure would be a modification to the deed of trust which comes within the statute of frauds.
8  *Secrest v. Sec. Nat'l Mortg. Loan Trust 2002-2*, 167 Cal. App. 4th 544, 547 (2008) (An "agreement
9  by which a lender agreed to forbear from exercising the right of foreclosure under a deed of trust
10  securing an interest in real property comes within the statute of frauds").  Thus, any modification to
11  the deed of trust must be in writing.  Id.  The inconsistency and implausibility of the allegations as
12  well as the application of the statute of frauds indicate no cognizable claim for breach of contract
13  against ASC or against U.S. Bank.

14      **6.    Claim for Breach of the Covenant of Good Faith and Fair Dealing**

15      Plaintiff also sets forth a claim for breach of the covenant of good faith and fair dealing,
16  apparently against all the defendants.  The only two defendants mentioned in the allegations related
17  to this claim, however, are U.S. Bank and ASC.  (Doc.1, ¶ 34.)  A claim for breach of the covenant
18  of good faith and fair dealing is predicated upon the existence of an underlying contract.  *See Racine
19  & Laramie, Ltd. v. Dep't of Parks & Rec.*, 11 Cal. App. 4th 1026, 1031 (1992) ("The implied
20  covenant of good faith and fair dealing rests upon the existence of some specific contractual
21  obligation.").  Plaintiff has not sufficiently alleged that he entered into a contract with ASC or that
22  ASC owed him any contractual duties.   Therefore, a claim for breach of the covenant of good faith
23  and fair dealing is not viable with respect to ASC.

24      Although Plaintiff asserts that "U.S. Bank has a duty to act in good faith, deal fairly and act
25  in ways that maximizes the net recovery to all parties concerned," there are no allegations as to how
26  U.S. Bank actually breached this duty.  Further, to the extent that a breach of the covenant of good
27  faith and fair dealing is predicated on U.S. Bank's breach of the terms of the deed of trust, there are
28

no facts indicating how U.S. Bank breached the terms of the contract.[1]  Plaintiff makes general allegations that U.S. Bank did not provide evidence that it has a valid assignment of the note, but these are allegations that relate to Plaintiff's claims to set aside the trustee's sale and are not allegations of a breach of the terms of the deed of trust.  For these reasons, the claim for breach of the covenant of good faith and fair dealing is insufficiently alleged.

### 7.   Claim for Negligent Misrepresentation/Fraud (Intentional Misrepresentation/Fraudulent Concealment)

The elements of a claim for fraud include: (1) misrepresentation by way of a false representation, concealment, or non-disclosure; (2) knowledge of falsity; (3) intent to defraud; (4) justifiable reliance; and (5) resulting damage.  *See Cadlo v. Owens-Illinois, Inc.*, 125 Cal. App. 4th 513, 419 (2004) (citing *Small v. Fritz Cos., Inc.*, 30 Cal. 4th 167, 173 (2003)).  "The same elements comprise a cause of action for negligent misrepresentation, except there is no requirement of intent to induce reliance.  In both causes of action, the plaintiff must plead that he or she actually relied on the misrepresentation."  *Id.*

"It is well established in the Ninth Circuit that both claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirement."  *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003); *see also Lorenz v. Sauer*, 807 F.2d 1509, 1511-12 (9th Cir. 1987) ("Under California law, negligent misrepresentation is a species of actual fraud . . . ").  Under the requirements of Rule 9(b), "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  Rule 9(b) "requires more specificity [than Rule 8], including an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations."  *Swartz*, 476 F.3d at 964.

Plaintiff's "second cause of action" (intentional misrepresentation, fraudulent concealment, and violation of foreclosure trustee's duties obligation) asserts that "Defendant told Plaintiff he would be receiving loan modification papers within 60 days, which Plaintiff relied upon, to his own

---

[1] Moreover, Plaintiff asserts that U.S. Bank is not even a party to the deed of trust because no assignment was properly executed.

10

1  detriment." (Doc. 1, ¶ 23.) Plaintiff also asserts that "Ndex held itself out as a Successor trustee and

2  acted as such in the foreclosure.  Ndex was not a trustee of record when they began foreclosure on

3  Plaintiff's property.  If the substitution of the trustee is invalid or void, then everything that happened

4  after that is void." (Doc. 1, ¶ 23.)  In Plaintiff's "eighth cause of action" (fraudulent concealment),

5  which appears to overlap the "second cause of action," he asserts the following:

6        Defendant had exclusive knowledge not accessible to Plaintiff of material facts
      pertaining to its mortgage activities as it foreclosed on and took possession of

7        Plaintiff's property and primary home as [a] REO.  The facts included that U.S. Bank
      is not the lender; Ndex is not the trustee of record as of the inception of the

8        foreclosure.  Without limiting the damages, Plaintiff's damages arising from the
      cause of action include loss of equity in the home, costs and expenses related to

9        seeking redress and protecting Plaintiff's interest, reducing credit scores,
      unavailability of credit, increased costs of credit, reduced availability of goods and

10        services tied to credit ratings, increased costs of those services, as well as fees and
      costs, including without limitation; attorney fees and other costs such as court filing

11        fees.

12  (Doc. 1, ¶ 37.)

13         These allegations are not pled with the requisite amount of specificity under Rule 9(b).  The

14  complaint lacks specific allegations regarding the fraud.  Rather, it refers generally to the invalidity

15  of the assignment of the mortgage to a different lender and servicer.  "Rule 9(b) demands that, when

16  averments of fraud are made, the circumstances constituting the allegations of fraud be specific

17  enough to give defendants notice of the particular misconduct . . . so that they can defend against the

18  charge and not just deny that they have done anything wrong." *Vess*, 317 F.3d at 1106 (internal

19  citations and quotation marks omitted).  Further, each Defendant's participation in the fraud is not

20  alleged.  Federal Rule 9(b) "does not allow a complaint to merely lump multiple defendants together

21  but 'require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and

22  inform each defendant separately of the allegations surrounding his alleged participation in the

23  fraud.'" *Swartz*, 476 F.3d at 764-65.  Thus, Plaintiff's claims sounding in fraud lack the requisite

24  specificity required under Federal Rule of Civil Procedure 9(b).

25         Moreover, Plaintiff's allegations appear to allege fraud with regard to the assignment of the

26  deed of trust to Plaintiff's property and the trustee's sale of the property.  To the extent that Plaintiff's

27  claims sounding in fraud are implicitly integrated into the sale of the property, the tender rule applies

28  barring the claims.  *Montoya v. Countrywide Bank*, 2009 WL 1813973 (N.D. Cal. June 25, 2009)

("Under California law, the 'tender rule' requires that as a precondition to challenging a foreclosure sale, *or any cause of action implicitly integrated to the sale*, the borrower must make a valid and viable tender of payment of the secured debt.") (emphasis added).  As Plaintiff is essentially asserting fraud in the sale of the property, relief on such claims cannot be granted without a proper tender of indebtedness pursuant to Plaintiff's deed of trust and note, which has not been proffered as explained above.  As such, the claims sounding in fraud are dismissed.

### 8.    Claim for Unjust Enrichment

California courts are split as to whether a claim for unjust enrichment constitutes a stand-alone claim.  *See In re TFT-LCD (Flat Panel) Antitrust Litigation*, 2011 WL 4345435, at *3 (N.D. Cal. Sept. 15, 2011) (discussing split in California courts as to whether unjust enrichment may constitute a stand-alone claim).  However, in *Robinson* the court determined that even if a claim for unjust enrichment is characterized as a request for restitution, this too is a remedy, not a stand-alone cause of action.  *Robinson v. HSBC Bank, USA*, 732 F. Supp. 2d 976, 987 (N.D. Cal. 2010) (citing *McBride*, 123 Cal. App. 4th 388).   "There is no cause of action for restitution, but there are various causes of action that give rise to restitution as a remedy."  *Id.* (citing *McBride v. Boughton*, 123 Cal. App. 4th 379, 388 (2004)).

Without a cognizable claim under which restitution or unjust enrichment can be sought, restitution cannot be granted.  *See Levine v. Blue Shield of Cal.*, 189 Cal. App. 4th 1117, 1138 (2010) (affirming dismissal of unjust enrichment claim after dismissal of other causes of action because the plaintiffs "have not demonstrated any basis on which they would be entitled to restitution pursuant to a theory of unjust enrichment").  Thus, this claim is dismissed.

### 9.    Claim Pursuant to Cal. Bus. & Prof. Code Section 17200

The unfair competition law ("UCL") codified at California Business and Professions Code § 17200, *et. seq.*, prohibits "any unlawful or fraudulent business act or practice."  Cal. Bus. & Prof. Code § 17200.  Even business practices that are merely unfair, and not necessarily unlawful, may violate this section.  *Gregory v. Albertson's Inc.*, 104 Cal. App. 4th 845, 850 (2002); *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999) .  Pursuant to § 17200, an act is "unlawful" if it violates an underlying state or federal statute.  *Cel-Tech Commc'ns, Inc.*, 20 Cal.

4th at 180 ("[The UCL's] coverage is sweeping, embracing anything that can properly be called a business practice and that at the same time is forbidden by law.") (internal citations and quotation marks omitted). An Act is considered "unfair" if it "threatens an incipient violation of antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law." *Id.* at 187. Claims set forth pursuant to § 17200 must state with reasonable particularity the facts supporting the statutory elements of the violation. *Khoury v. Maly's of Cal., Inc.*, 14 Cal. App. 4th 612, 619 (1993).

As there are no viable underlying claims that can serve as the basis for the UCL claim, this claim is dismissed.

## C. Amendment of Pleadings

For the reasons set forth above the Court DISMISSES Plaintiff's complaint without prejudice and with leave to amend. Plaintiff's claims pursuant to the FDCPA and Perata, however, are not viable as a matter of law. To the extent that Plaintiff includes these claims in an amended complaint, they will be recommended for dismissal with prejudice and without leave to amend on the grounds set forth above.

Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the Court will recommend that the complaint be dismissed with prejudice.

///
///
///
///
///

1

## IV.   CONCLUSION

2      Accordingly, IT IS HEREBY ORDERED that:

3      1.      Plaintiff's complaint be DISMISSED without prejudice and with leave to amend; and

4      2.      Plaintiff shall file an amended complaint within 30 days from the date of this order.

5

6

7   IT IS SO ORDERED.

8   **Dated:   October 31, 2011**                     **/s/ Sheila K. Oberto**
                                                          UNITED STATES MAGISTRATE JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28