1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADEGBENGA ADESOKAN, | CASE NO. 1:11-cv-01236-LJO-SKO |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S COMPLAINT BE DISMISSED WITH PREJUDICE** |
| v. | |
| U.S. BANK, N.A., et al., | (Docket No. 12) |
| Defendants. | **OBJECTIONS DUE: 21 DAYS** |
| _____/ | |

## I.   INTRODUCTION

On July 27, 2011, Plaintiff filed a complaint asserting the following: (1) a claim to set aside a trustee's sale; (2) violation of the Perata Mortgage Relief Act; (3) violation of the Fair Debt Collection Practices Act; (4) violation of the Real Estate Settlement Procedures Act; (5) breach of contract; (6) breach of the covenant of good faith and fair dealing; (7) claims for negligent misrepresentation and fraud (intentional misrepresentation/fraudulent concealment); (8) unjust enrichment; and (9) violation of the California Business and Professions Code § 17200.

On October 31, 2011, the Court dismissed Plaintiff's complaint without prejudice and with 30 days leave to amend.  (Doc. 8.)  After requesting and obtaining a court order granting an extension of time to file an amended complaint, Plaintiff filed a First Amended Complaint ("FAC")

on December 30, 2011. (Doc. 12.) Plaintiff's FAC asserts claims for fraud, quiet title, wrongful foreclosure, declaratory relief, cancellation of instruments, and unfair business practices against Defendants U.S. Bank, National Association ("U.S. Bank"), People's Choice Home Loans, Inc. ("People's Choice"), NDEX West, LLC ("NDEX"), and America's Servicing Company ("ASC") (collectively, "Defendants"). (Doc. 12.)

For the reasons set forth below, the Court RECOMMENDS that Plaintiff's FAC be DISMISSED with prejudice and without leave to amend.

## II.  BACKGROUND

Plaintiff's claims arise out of his 2004 purchase of residential real property located at Sandpiper Way, Madera, California (the "Property"), for which Plaintiff acquired a loan. (Doc. 12, ¶22.) Plaintiff subsequently defaulted on the loan, and his property was sold in a non-judicial foreclosure sale.

Plaintiff alleges that, at some point after he acquired his home loan, the note on the loan was "securitized" and became part of a securitized trust pursuant to a Pooling and Servicing Agreement ("PSA") (*See* Doc. 12, ¶¶ 49-59). *See Jones v. Countrywide Homeloan*, No. CV F 11-0405 AWI-JLT, 2011 WL 2462845, (E.D. Cal. June 17, 2011) (presuming that securitization involves the transfer[] of the promissory note by sale to an asset portfolio in some form of structured investment vehicle (citing *Core Wealth Mgmt, LLC v. Heller*, 2010 WL 1453068, *2 (Cal. App. 2 Dist. 2010))).

According to Plaintiff, his loan was not properly part of the securitized trust because Defendants failed to comply with the terms of the PSA. Specifically, under the PSA, loans had to be assigned to the trust by a certain date (the closing date) and Plaintiff's loan was not assigned by that date. The failure to timely assign the note and the deed rendered the foreclosure of Plaintiff's property "void ab initio." Plaintiff relies on the above allegations to challenge the foreclosure of the Property.

1

### III.   DISCUSSION

2    **A.    Applicable Standards**

3        **1.        Screening Standard**

4        In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen

5    each case and shall dismiss the case at any time if the Court determines that the allegation of poverty

6    is untrue, or the action or appeal is frivolous or malicious, fails to state a claim upon which relief

7    may be granted, or seeks monetary relief against a defendant who is immune from such relief.

8    28 U.S.C. § 1915(e)(2).  If the Court determines that the complaint fails to state a claim, leave to

9    amend may be granted to the extent that the deficiencies of the complaint can be cured by

10   amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

11       **2.        Legal Standard**

12       In determining whether a complaint fails to state a claim, the Court applies the same pleading

13   standard used under Federal Rule of Civil Procedure 8(a).   Under Rule 8(a), a complaint must

14   contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.

15   R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual

16   allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me

17   accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp.*

18   *v. Twombly*, 550 U.S. 544, 555 (2007)).  "[A] complaint must contain sufficient factual matter,

19   accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*,

20   550 U.S. at 557).  "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's

21   liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.*

22   (quoting *Twombly*, 550 U.S. at 557).   Further, although a court must accept as true all factual

23   allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.

24   *Id.*  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

25   statements, do not suffice." *Id*. (quoting *Twombly*, 550 U.S. at 555).

26       A court may also dismiss a complaint for failure to comply with Federal Rule 9(b).  *See Vess*

27   *v. Ciba-Geigy Corp., USA*, 317 F.3d 1097, 1107 (9th Cir. 2003).  Rule 9 provides that "[i]n alleging

28   fraud or mistake, a party must state with particularity the circumstances constituting fraud or

mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P. 9(b).  Such circumstances include the "time, place, and specific content of the false representations as well as the identities of the parties to the  misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quoting *Edwards v. Marin Park, Inc.,* 356 F.3d 1058, 1066 (9th Cir. 2004)).  "In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum 'identif[y] the role of [each] defendant[] in the alleged fraudulent scheme.'" *Id.* at 765 (quoting *Moore v. Kayport Package Express*, 885 F.2d 531, 541 (9th Cir. 1989)).  Claims subject to Rule 9(b) pleading requirements must also satisfy the ordinary pleading requirements of Rule 8.

**B.   Plaintiff's Claims for Wrongful Foreclosure, Quiet Title, and Cancellation of Instruments Fail for Lack of Tender**

"A party may not without payment of the debt, enjoin a sale by trustee under a power conferred by a deed of trust, or have his title quieted against the purchaser at such a sale . . . . " *Sipe v. McKenna*, 88 Cal. App. 2d 1001, 1006 (1948).  A default borrower is "'required to allege tender of the amount of [the lender's] secured indebtedness in order to maintain any cause of action for irregularity in the sale procedure.'" *Hamilton v. Bank of Blue Valley*, 746 F. Supp. 2d, 1060, 1069 (E.D. Cal. 2010) (quoting *Abdallah v. United Sav. Bank*, 43 Cal. App. 4th 1101, 1109 (1996), *cert. denied,* 519 U.S. 1081 (1997)).

**1.   Wrongful Foreclosure**

Plaintiff alleges claims for wrongful foreclosure against all Defendants.  (Doc. 12, ¶¶ 87-106.)  An action for wrongful foreclosure, unaccompanied by an offer to redeem, does not state a cause of action which a court of equity recognizes. *Karlsen v. Am. Sav. & Loan Ass'n*, 15 Cal. App. 3d 112, 117 (1971).  Moreover, an offer of performance is of no effect if the person making the offer is unable to perform. *Id.* at 118.  In other words, if the offeror "is without the money necessary to make the offer good and knows it[,]" the tender is without legal force or effect. *Id.* (citation and internal quotation marks omitted).  "It would be futile to set aside a foreclosure sale on the technical ground that notice was improper, if the party making the challenge did not first make full tender and thereby establish his ability to purchase the property." *U.S. Cold Storage v. Great W. Sav. & Loan*

4

1  *Ass'n*, 165 Cal. App. 3d 1214, 1224 (1985).  "A cause of action 'implicitly integrated' with the

2  irregular sale fails unless the trustor can allege and establish a valid tender."  *Arnolds Mgmt. Corp.*

3  *v. Eischen*, 158 Cal. App. 3d 575, 579 (1984); *see also Anaya v. Advisors Lending Grp.*, No. 09-cv-

4  1191 LJO DLB, 2009 WL 2424037, at *10 (E.D. Cal. Aug. 3, 2009) ("Plaintiff offers nothing to

5  indicate that she is able to tender her debt to warrant disruption of non-judicial foreclosure."); *Alicea*

6  *v. GE Money Bank*, No. C 09-00091 SBA, 2009 WL 2136969, at * 3 (N.D. Cal. July 16, 2009)

7  ("When a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has

8  taken place, the debtor must allege a credible tender of the amount of the secured debt to maintain

9  any cause of action for foreclosure.").

10  　　　There is no allegation in the FAC that Plaintiff has tendered the amount due on the loan or

11  that he has a meaningful ability to do so.  Although the FAC contains a section entitled "Plaintiff's

12  Offers to Tender," this section does not contain an actual tender offer of the amount outstanding on

13  the loan.  (Doc. 12, ¶¶ 60-63.)  The record's silence on Plaintiff's tender or his ability to tender the

14  outstanding amount implies an inability to do so.  Further, the allegations do not indicate facts that

15  the sale under the deed of trust could be considered void as opposed to voidable such that an

16  exception to the tender rule might apply.  *See Ngoc Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp.

17  2d 1022, 1034-35 (N.D. Cal. 2010) (dismissing wrongful foreclosure claim noting that plaintiff cited

18  no authority that would render tender rule inapplicable where assignment of deed of trust was

19  invalid).  Without a meaningful tender from Plaintiff, the remedy sought cannot be granted.  Thus,

20  Plaintiff's claims for wrongful foreclosure are not viable as a matter of law and should be dismissed.

21  　　　**2.  Quiet Title**

22  　　　Plaintiff alleges a claim for quiet title against Defendants U.S. Bank and NDEX.  (Doc. 12,

23  ¶¶ 79-76.)  Plaintiff asserts that he is the legal owner of the Property and that none of the Defendants

24  has "a secured or unsecured legal, equitable, or pecuniary interest in the lien evidenced by the Deed

25  of Trust and that is purported assignment has no value, as the Deed of Trust is wholly unsecured."

26  (Doc. 12, ¶ 81.)

27  　　　California Code of Civil Procedure section 761.020 mandates that a "verified" complaint for

28  a quiet title action must include (1) a legal description and street address of the subject property;

(2) the title of the plaintiff as to which determination is sought and the basis of the title; (3) the adverse claims to the title of the plaintiff against which a determination is sought; (4) the date as of which the determination is sought; and (5) a prayer for the determination of plaintiff's title against the adverse claims.

First, Plaintiff did not file a verified complaint.[1]  Second, the FAC lacks sufficient facts as it relates to the basis of Plaintiff's purported title, given his default on the loan and his inability or unwillingness to tender the amount due on the loan.  A quiet title claim requires an allegation that the plaintiffs "are the rightful owners of the property, i.e., that they have satisfied their obligations under the Deed of Trust." *See Kelley v. Mortg. Elec. Registration. Sys., Inc.,* 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009).  The FAC lacks factual allegations that Plaintiff is the rightful owner of the property *with satisfaction of the deed of trust obligations,* and thus lacks a properly pled quiet title claim.

Moreover, "[i]t is settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured." *Shimpones v. Stickney*, 219 Cal. 637, 649 (1934).  "A party may not without payment of the debt, enjoin a sale by a trustee under a power conferred by a deed of trust, or have his title quieted against the purchaser at such a sale, even though the statute of limitations has run against the indebtedness." *Sipe*, 88 Cal. App. 2d at 1006; *see also Aguilar v. Bocci*, 39 Cal. App. 3d 475, 477 (1964) (a trustor is unable to quiet title "without discharging his debt.  The cloud upon his title persists until the debt is paid.").

Plaintiff is unable to re-acquire good title to the foreclosed property without paying or tendering the outstanding indebtedness.  In light of the absence in the FAC of a meaningful ability or willingness to tender the indebtedness, the quiet title claim is not viable.

### 3.      Cancellation of Instruments

Plaintiff's Sixth Cause of Action seeks cancellation of the notice of default, the notice of trustee's sale, and the trustee's deed upon sale.  (Doc. 12, ¶¶ 115-23.)  To obtain "rescission or cancellation, the rule is that the complainant is required to do equity, as a condition to obtaining his

---

[1] A verification is sufficient where it states that the party has read the petition or pleading and is acquainted with its contents, and that the petition is true of his or her own knowledge and belief.

relief, by restoring to the defendant everything of value which the plaintiff has received in the transaction . . . The rule applies [even where] the plaintiff was induced to enter into the contract by the fraudulent representations of the defendant." *Fleming v. Kagan*, 189 Cal. App. 2d 791, 796-97 (1961). "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." *Karlsen*, 15 Cal. App. 3d at 117. "The rules which govern tenders are strict and are strictly applied." *Nguyen v. Calhoun*, 105 Cal. App. 4th 428, 439 (2003). Without a meaningful tender of the amount due, cancellation of the instruments is an empty remedy which the Court cannot convey.

## C.   Plaintiff's Fraud Claims

The elements of a fraud claim include: (1) misrepresentation by way of a false representation, concealment, or non-disclosure; (2) knowledge of falsity; (3) intent to defraud; (4) justifiable reliance; and (5) resulting damage. *See Cadlo v. Owens-Illinois, Inc.*, 125 Cal. App. 4th 513, 419 (2004) (citing *Small v. Fritz Cos., Inc.*, 30 Cal. 4th 167, 173 (2003)). "The same elements comprise a cause of action for negligent misrepresentation, except there is no requirement of intent to induce reliance. In both causes of action, the plaintiff must plead that he or she actually relied on the misrepresentation." *Id.*

"It is well established in the Ninth Circuit that both claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirement." *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003). Under the requirements of Rule 9(b), "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b) "requires more specificity [than Rule 8], including an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz*, 476 F.3d at 964.

Plaintiff alleges that the manner of transfer of the note and deed of trust was fraudulent and Defendants "misrepresented and/or concealed the true facts regarding the transfer of Plaintiff's Note and Deed of Trust dated September 21, 2005, by assigning the Deed of Trust into the Trust after the closing date." (Doc. 12, ¶ 67.) Essentially, Plaintiff asserts that Defendants misrepresented to Plaintiff that they owned the loan and/or had the authority to foreclose.

The fraud allegations in the FAC are not pled with the requisite amount of specificity under Rule 9(b). The complaint lacks specific allegations regarding the fraud. Rather, it refers generally to Defendants' conduct in transferring the note in an untimely manner and assigning the deed of trust after the time to do so had passed. "Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the allegations of fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Vess*, 317 F.3d at 1106 (internal citations and quotation marks omitted).

Additionally, each Defendant's participation in the fraud is not alleged. Federal Rule 9(b) "does not allow a complaint to merely lump multiple defendants together but 'require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.'" *Swartz*, 476 F.3d at 764-65.

To state a viable fraud claim, Plaintiff must allege that he suffered harm as a result of Defendants' misrepresentation that they owned the loan and/or had the right to foreclose – and not the harm that resulted, for example, from Plaintiff's default on the note. In the FAC, Plaintiff does indicate that he suffered damages as a result of the alleged fraud (Doc. 12, ¶78), but the damages do not appear plausibly attributable to the alleged misrepresentation. For these reasons, the Court recommends that Plaintiff's fraud claims be dismissed.

Finally, to the extent that Plaintiff's fraud claims are predicated on irregularities or deficiencies in the foreclosure sale procedures, the claims are subject to the tender rule. A failure to tender the amount of indebtedness bars any claims "implicitly integrated" with foreclosure. *See, e.g., Arnolds Mgmt. Corp.*, 158 Cal. App. 3d at 575 (affirming dismissal of claims of wrongful foreclosure, fraud, and negligence relating to foreclosure sale). "The rationale behind the [tender] rule is that if plaintiffs could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the plaintiffs." *Wallace v. Morg. Elec. Registration Sys., Inc.*, No. CV 11-8039 ODW (MRWx), 2012 WL 94485, *4 n.1 (C.D. Cal. Jan. 11, 2012) (dismissing fraud claim, among others, noting that to the extent the allegations are directed

to irregularities in the foreclosure process, Plaintiff must allege tender in any amended complaint filed).

**D.    Claim Pursuant to Cal. Bus. & Prof. Code Section 17200**

The unfair competition law ("UCL") codified at California Business and Professions Code § 17200, *et. seq.*, prohibits "any unlawful or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. Even business practices that are merely unfair, and not necessarily unlawful, may violate this section. *Gregory v. Albertson's Inc.*, 104 Cal. App. 4th 845, 850 (2002); *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999). Pursuant to § 17200, an act is "unlawful" if it violates an underlying state or federal statute. *Id.* at 180 ("[The UCL's] coverage is sweeping, embracing anything that can properly be called a business practice and that at the same time is forbidden by law.") (internal citations and quotation marks omitted). An act is considered "unfair" if it "threatens an incipient violation of antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law." *Id.* at 187. Claims set forth pursuant to § 17200 must state with reasonable particularity the facts supporting the statutory elements of the violation. *Khoury v. Maly's of Cal., Inc.*, 14 Cal. App. 4th 612, 619 (1993).

As there are no viable underlying claims that can serve as the basis for the UCL claim, this claim should be dismissed.

**E.    Declaratory Relief**

The Sixth Cause of Action is one for Declaratory Relief. (Doc. 12, ¶¶ 107-114.) Plaintiff requests that the Court "make a finding and issue appropriate orders stating that none of the named Defendants or DOE defendants [has] any right or interest in Plaintiff's Note, Deed of Trust, or Property which authorized them in fact or as a matter of law, to foreclose or collect Plaintiff's mortgage payments." (Doc. 12, ¶ 112.)

The FAC lacks a viable claim for declaratory relief. The Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201, 2202, provides in pertinent part:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a).

The DJA's operation "is procedural only." *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937). "A declaratory judgment is not a theory of recovery." *Commercial Union Ins. Co. v. Walbrook Ins. Co., Ltd.*, 41 F.3d 764, 775 (1st Cir. 1994). The DJA "merely offers an *additional remedy* to litigants." *Nat'l Union Fire Ins. Co. v. Karp*, 108 F.3d 17, 21 (2d Cir. 1997). A DJA action requires a district court to "inquire whether there is a case of actual controversy within its jurisdiction." *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 143 (9th Cir. 1994).

As to a controversy to invoke declaratory relief, the question is whether there is a "substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941) (citing *Aetna Life Ins. Co.*, 300 U.S. at 239-42).

The failure of the FAC as a whole demonstrates the absence of an actual controversy subject to declaratory relief. In the absence of a viable claim, as set forth above, the FAC fails to support a request for declaratory relief.

**F.     Leave to Amend Should Not Be Granted**

Although Plaintiff was previously informed why his claims are deficient and has been provided an opportunity to amend, he has been unable to amend his complaint to state a cognizable claim, indicating an inability to do so. As such, the Court recommends that Plaintiff's complaint be dismissed with prejudice and without leave to amend. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (dismissal with prejudice appropriate where deficiencies of complaint were explained, time was afforded to amend, and the plaintiff was warned that failure to cure deficiencies would result in dismissal).

**IV.    CONCLUSION AND RECOMMENDATION**

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's complaint be DISMISSED with prejudice and without leave to amend.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within twenty-one (21) days of service of this recommendation, any party may file written objections to these findings

1 and recommendations with the Court and serve a copy on all parties.  Such a document should be

2 captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge

3 will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C.

4 § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may

5 waive the right to appeal the district judge's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

6

7 IT IS SO ORDERED.

8 **Dated:   February 6, 2012**                              **/s/ Sheila K. Oberto**
                                             UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28